**BUCILA, Sr., Plaintiff-Appellant, v. STUPHAR, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3627. Decided June 2, 1954.

Modarelli & Moderelli, C. J. Hoyt, Youngstown, for plaintiff-appellant.
Ralph B. Shwartz, Youngstown, for defendants-appellees.

## OPINION

By PHILLIPS, J.

Plaintiff appealed to this court on questions of law and fact from a judgment of the court of common pleas entered for defendant in his action filed in that court to compel specific performance of "an agreement for dissolution of partnership and a contract for purchase of retiring partner's interest" in the Shamrock Grill and Dairy Store in Youngstown (referred to hereinafter as the partnership business). The partnership relationship resulted from a contract entered into by the partners on August 26, 1950.

The case was submitted to this court upon the record made in the trial court, which included a transcript of the testimony and evidence introduced there, and upon testimony taken before a referee appointed by this court.

On October 18, 1950, George Franken transferred the liquor licenses used in such business to plaintiff, Gregory Bucila, and defendant, Barbara Stuphar, then Barbara Urs, and referred to hereinafter as such, and the parties took possession of the business which the parties purchased from George Franken for $25,000.00 under the terms of the agreement dated August 26, 1950.

Plaintiff operated the partnership business until December 1950, when defendant took over operation thereof.

In December 1950 after defendant Urs married Joseph Stuphar the parties discussed the disposition by Bucila of his interest to defendant Urs and her husband, Joseph Stuphar.

While the parties arrived at no conclusion with reference to the disposition of the partnership business yet on December 26, 1950, Joseph Stuphar delivered a cashier's check for $1500.00 to Gregory Bucila, Sr. for which he in turn executed his note in like amount to Joseph Stuphar.

The parties recognized each other as partnership owners of the partnership business until May 22, 1951, when plaintiff filed his petition in the court of common pleas against Barbara M. Stuphar (Urs).

In his petition plaintiff alleged that the parties were partners in accordance with the partnership agreement of August 26, 1950; that due to unpleasantness and disagreement which had arisen that it was to the best interests of plaintiff that a receiver be appointed to operate the partnership business, and on that date filed a motion for appointment of receiver. A receiver was not appointed as the result of such motion, but on December 21, 1951, the court of common pleas appointed a receiver to operate the partnership business.

On August 30, 1951, the parties entered into an "agreement for dissolution of partnership and contract for purchase of retiring partner's interest." On that date the defendant escrowed with the Dollar Savings and Trust Company of Youngstown, Ohio, (1) bill of sale for undivided one-half interest in Shamrock Grill and Dairy; (2) note of Bucila to Joseph Stuphar for $1500.00; (3) check of Mahoning Bank to Joseph Stuphar for $1500.00; (4) warranty deed from Stuphar to Gregory Bucila for lot 2974—West Woodland Avenue, Youngstown, Ohio; and (5) will of Gregory Bucila. The escrow agent still holds the papers deposited with it.

Defendant Urs is the mother and duly appointed guardian of Edward M. Urs, a minor, who held a one-fourth interest in the escrowed warranty deed from Stuphar to Gregory Bucila for lot 2974—West Woodland Avenue. Acting under court order in March 1952 defendant Urs executed her guardian's deed to plaintiff Bucila for the undivided one-fourth interest of her son in the Woodland Avenue property, which was delivered to and held in trust by the receiver and not escrowed with the Dollar Savings and Trust Company.

The contract of dissolution and sale provided that defendant Urs should execute a note secured by chattel mortgage on the furnishings of the Grill and Dairy Store to Gregory Bucila in an amount to be determined, which note was payable at the rate of $50.00 per month with interest at 4%. Defendant Urs never executed such a note nor chattel mortgage.

On December 27, 1951, plaintiff filed a second application in the court of common pleas for appointment of a receiver, and plaintiff prosecuted his action in the court of common pleas to August 27, 1952, the date of sale for $15,900.00 of assets of the partnership business by the receiver, and sought the processes of that court from August 30, 1951.

It is clear neither of the parties recognized any rights, duties nor obligations imposed nor granted by the contract of August 30, 1951, but relied, and intended to rely, upon the agreement of August 26, 1950; that on September 20, 1952, plaintiff first raised the question of his rights under the agreement of dissolution and sale of August 30, 1951, the terms of which both parties rescinded.

Likewise it is clear that plaintiff ignored and waived the provisions of the contract of August 30, 1951, and elected the remedy of receivership under the averment that the parties were still partners.

In his report the referee said, in which statement we concur:—

"From August 30, 1951, he (Bucila) contended in cause No. 135208 that he was an owner as partner in the partnership assets but after said sale by the receiver on August 27, 1952, he then contended that Barbara Stuphar had been the owner of the assets of said business after August 30, 1951; and in effect, brings action in the instant case for the purchase price.

"It is well recognized both in law and in equity that when a plaintiff elects to pursue a certain remedy for redress of his wrongs, he is estopped from pursuing a different remedy thereafter, particularly if such a switch of remedies would harm the other party.

"For the Law on Election of Remedies, see **15 O. Jur. paragraphs 1 on page 226 to paragraph 82 on page 295.**"

We follow the suggestion of the referee in his report that:—

"It would be contrary to the principles and rules of equity for the plaintiff-appellant to proceed to enforce his remedies in case No. 135208, and after the receiver had sold all assets of the partnership at the instances of plaintiff-appellant in cause No. 135208 to abandon his claim of a partnership and revert to a claim of rights and obligations under the contract of August 30, 1951 as attempted by plaintiff-appellant in the instant case. The plaintiff-appellant having at all times after August 30, 1951 and to and after the sale of the assets by the receiver elected

to maintain his action under cause No; 135208 is now barred from maintaining action No. 139083."

Likewise we concur in the reasoning of the trial judge as shown by the referee's report that:—

"It would be contrary to the rules and principles of equity to decree specific performance of the contract (plaintiff's Exhibit No. 2) herein for the reason plaintiff (appellant) is unable to perform his obligations hereunder to sell a one-half partnership interest to the defendant Barbara Stuphar, said interest having been sold by the receiver before this action was commenced in an action for dissolution of the partnership brought by plaintiff (appellant) who acquiesced in said sale."

After careful consideration of this case our finding is the same as that of the court of common pleas that:—

"It is, therefore, ordered, adjudged and decreed that judgment be rendered for the defendant; that the papers held by The Dollar Savings & Trust Company in escrow be turned over to the defendants, Barbara M. Stuphar and Joseph Stuphar, upon payment of the sum of Sixty ($60.00) Dollars to said The Dollar Savings & Trust Company.

"It is the further order of this court that costs be assessed against the plaintiff, including one-half of the sum paid to The Dollar Savings & Trust Company, escrow agent."

Finding and decree for defendants.

GRIFFITH, PJ, NICHOLS, J, concur in decree.